OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Brenda L. Allen, appeals from a final judgment of the Portage County Court of Common Pleas, granting appellee, Alegis Group L.P., summary judgment.
 {¶ 2} On July 26, 2001, appellee filed a complaint in foreclosure naming appellant, among others, as a defendant. Appellee alleged that appellant had defaulted on a promissory note secured by a mortgage on property owned by appellant and located at 5917 State Route 82, Hiram, Ohio 44234. As a result, appellee requested that the property be seized and sold, and that the trial court find appellee to have the first lien on the premises.
 {¶ 3} Appellant filed an answer in which she denied the allegations in the complaint. She also asked the trial court to dismiss the action because, according to appellant, appellee did not have a valid mortgage on the property in question, and that any obligation appellee held already had been discharged in bankruptcy.
 {¶ 4} Appellee subsequently moved for summary judgment, arguing that although appellant's bankruptcy precluded the company from pursuing a personal judgment against her, it did not constitute a defense to a foreclosure action. In response, appellant filed a brief in opposition to summary judgment in which she maintained that there were genuine issues of material fact concerning the validity of appellee's mortgage. Appellant submitted that at best, appellee was only entitled to an equitable interest in the property, and that this equitable interest did not include a right of foreclosure.
 {¶ 5} On February 5, 2002, the trial court issued a written judgment entry granting appellee summary judgment. Additionally, the trial court also ordered that the property be sold at a sheriff's sale, and delineated the order of priority for the distribution of the proceeds from the sale.
 {¶ 6} On March 18, 2002, appellant filed a motion asking the trial court to stay the proceedings and grant relief from the February 5, 2002 judgment on the basis that the trial court had failed to notify appellant of the court's decision within three days of entering judgment. The next day, the trial court denied appellant's motion to stay the proceedings but did not issue a ruling with respect to appellant's request for relief from judgment.
 {¶ 7} The sheriff's sale took place as scheduled on March 25, 2002, at which time appellant and Charles Majeski were the successful bidders. On the same day, appellant filed with this court a notice of appeal of the February 5, 2002 order of foreclosure along with a motion to stay the proceedings during the pendancy of the appeal.
 {¶ 8} On May 13, 2002, this court issued a judgment entry indicating the final merits of appellant's stay motion could not be considered at that time because there was a question concerning whether the foreclosure aspect of the appealed judgment had been rendered moot in light of the fact that the sheriff's sale had already been completed. However, this court granted appellant a temporary stay as to the distribution of the proceeds of the sheriff's sale to allow the parties the opportunity to submit additional briefing on the following two questions: (1) had any issues relating to the validity of the foreclosure been rendered moot; and (2) what effect, if any, did the sale of the property have upon the need for the stay?[1]
 {¶ 9} After receiving the parties' respective responses, we issued another judgment on July 5, 2002, in which this court overruled appellant's motion to stay and dissolved our temporary stay of the trial court's distribution order. In doing so, we concluded that appellant had failed to establish good cause to stay the execution of the distribution of the proceeds because the merits of the trial court's foreclosure order had been rendered moot due to the completion of the sheriff's sale.
 {¶ 10} Nevertheless, appellant now argues under her two assignments of error that the trial court erred in granting appellee summary judgment because there are genuine issues of material fact. Specifically, appellant maintains that the mortgage at issue was not properly executed, and that because of this, appellant did not have the right to foreclose on her property. After carefully considering the record, we conclude that because appellant did not obtain a stay of the foreclosure order and the sheriff's sale has already been completed, the issues appellant now raises are moot.
 {¶ 11} Generally speaking, "the filing of a notice of appeal does not completely divest a trial court of jurisdiction over a case; instead, a trial court retains all jurisdiction which does not conflict with the jurisdiction of the appellate court." Hagood v. Gail (1995),105 Ohio App.3d 780, 784. For example, the mere filing of a notice of appeal does not deprive the trial court of authority to enforce or otherwise take any action that aids in the execution of an appealed judgment. Id. However, when an appellant does obtain a valid stay, either through the trial court or the appellate court, the nonappealing party cannot initiate any proceedings to enforce a judgment. Atlantic Mort. Inv. Corp. v. Sayers (Mar. 1, 2002), 11th Dist. No. 2000-A-0081, 2002 WL 331734, at 1.
 {¶ 12} On the other hand, if an appellant neglects to obtain a stay, the nonappealing party has the "right to initiate proceedings in aid of the execution of a judgment even after an appeal from that judgment has been taken" and is still pending. Hagood at 785. In the event that the nonappealing party successfully secures satisfaction of the judgment, an appellate court must then dismiss the appeal because the issues in the case have become moot. Id.
 {¶ 13} More to the point, "an order of foreclosure is immediately appealable." BCGS, L.L.C. v. Raab (July 17, 1998), 11th Dist. No. 98-L-041, 1998 WL 552984, at 2. In other words, a judgment entry ordering a foreclosure sale and delineating the order of priority for the distribution of the proceeds is a final appealable order. Id. See, also,Oberlin Savings Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312
(holding that "[t]he order * * * ordering a foreclosure sale and finding the amounts due the various claimants is the final order from which [the defendant] should have appealed.").
 {¶ 14} Appellant does not dispute that the foreclosure order in the appealed judgment has been fully executed. Thus, even if we were to ultimately conclude that the trial court did err in entering judgment for appellee, our decision would only be advisory as this court lacks the authority to return the parties to their original positions. Moreover, it is clear from the record that appellant had sufficient time to obtain a stay before the date the sheriff's sale was scheduled to take place. Since appellant was unsuccessful in this regard, she cannot now ask this court to overlook the fact that the foreclosure aspect of the judgment has been fully executed so that we can decide whether appellee possessed a valid and enforceable mortgage.
 {¶ 15} Because the appealed judgment in this case has already been executed prior to the disposition of this appeal, the merits of appellant's two assignments of error have been rendered moot. Accordingly, appellant's appeal is hereby dismissed.
DONALD R. FORD, P.J., concurs.
WILLIAM M. O'NEILL, J., concurs in judgment only.
[1] While this case was on appeal, the trial court overruled appellant's motion for relief from judgment. In addition, the trial court also issued a judgment on April 16, 2002, confirming the sale and ordering the distribution of the sale proceeds.